# In the United States Court of Federal Claims

No. 20-358
(Filed: 11/12/2020)
NOT FOR PUBLICATION

```
*****************************************
ROBERT EASELY,                          *
                                        *
                                        *
               Plaintiff,               *
                                        *
     v.                                 *
                                        *
THE UNITED STATES,                      *
                                        *
               Defendant.               *
                                        *
*****************************************
```

*Robert Easley*, *pro se*, of Chipley, Florida.

*Evan Wisser*, Trial Attorney, with whom were *Lisa L. Donahue*, Assistant Director, *Robert Kirschman, JR.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C.

## OPINION AND ORDER

**HOLTE**, **Judge**.

## I. Introduction

*Pro se* plaintiff Robert Easley filed a complaint alleging systematic, discriminatory, and retaliatory abuse and neglect by various Florida Department of Corrections ("FDOC") staff. The government moved to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the following reasons, the Court: (1) **GRANTS** Robert Easley's motion to proceed *in forma pauperis*; (2) **GRANTS** the government's motion to dismiss and; (3) **DISMISSES** the complaint.

## II. Background

### A. Factual History

The Court draws the following facts from plaintiff's complaint, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974))) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

Plaintiff Robert Easley is a disabled inmate incarcerated in Florida. Compl., ECF No. 1 at 1. He suffers from chronic blood clots, back and nerve injuries, and diabetes. *Id.* at 2–4, 9. Upon arrival to FDOC custody in 2009 he was "determined to be permanently disabled . . . and was given a P3 grade, which allows [him] to request reasonable accommodations" under the Americans with Disabilities Act ("ADA"). *Id*. at 2. These accommodations include the use of alternate entry ways into prison facilities, therapeutic soft sole shoes, and ADA compliant beds and lockers. *Id.* at 3–4. A few years later plaintiff's disability status was reduced to P2 and his accommodations were removed. *Id.* at 2–3. Plaintiff alleges the Secretary of Corrections and Assistant Warden fraudulently changed his disability status and are liable for denying his accommodations. *Id.* at 3.

Plaintiff further alleges various nurses employed by the FDOC have failed to treat his injuries since at least 2018. *Id.* 4–7. Specifically, plaintiff claims one nurse took his "walker from [him] instead of replacing a wheel . . . and refus[ed] to allow [him] to be seen by a doctor." *Id*. at 5. A second nurse allegedly expressed her "distaste of [plaintiff] filing a grievance against her [by] saying since [plaintiff] like[s] to grieve, she could care less if [he] lived or died . . . ." *Id.* This same nurse also allegedly refused to provide plaintiff his medication. *Id.* Finally, a third nurse allegedly "practices medicine without a physicians [sic] official license," as evidenced by the nurse "sadistically stop[ing plaintiff's] blood pressure meds [sic]," removing his "restricted activities" accommodation, and barring plaintiff from "top tier housing restrictions." *Id.* at 6. She allegedly justified these actions "by comparing [plaintiff's] ailments to her husbands [sic] ailments that did not get him classified . . . as disabled." *Id.*

On 31 January 2020, the Housing Director of the prison in which plaintiff is incarcerated allegedly removed plaintiff from his ADA compliant bed and elevated locker. *Id.* at 7. Plaintiff claims she made these changes to ensure black inmates know "she runs housing [n]ot [them]." *Id.* The Housing Director further allegedly informed plaintiff she would not restore his accommodations because he "like[s] to write grievance[s]" and "wheelchair ADA inmates are the only ones entitled to [ADA compliant] housing." *Id.* Finally, plaintiff claims the Housing Director houses non-ADA inmates in ADA housing to prove "she can house whomever she want[s] in such bedding and locker." *Id.*

On 8 February 2020, a FDOC Security Officer allegedly "denied [plaintiff] access to not only [his] insulin but to [his] blood thinner meds [sic] . . . with full knowledge that security may not deny inmates access to medical . . . ." *Id*. at 8. Plaintiff further alleges this Security Officer only took these actions against black inmates while allowing white inmates access to their medications. *Id.*

Plaintiff also claims the Education Supervisor of the prison in which plaintiff is incarcerated denied plaintiff employment opportunities because of his disability. *Id*. Plaintiff "was a disabled law clerk in good standing" when "[d]ue to health issues [he] was temporarily transferred" from the prison. *Id*. Upon his return, the Education Supervisor "claimed she ha[d]

no room for [him] yet hired other non-ADA inmates." *Id.* at 9.  Plaintiff has since been hired as a houseman, but his disabilities prevent him from completing the work.  *Id.*

Finally, the prison's Food Services Director allegedly denied plaintiff the 2600 calorie per day prescription diet used to manage his diabetes.  *Id.* at 9.  Plaintiff claims the Food Services Director "doesnt [sic] see why disabled diabetics should receive the meals that are more expensive then [sic] regular meals."  *Id.*  She is also "alleged[ly] misusing money intended to pay for proper 2600 meals."  *Id.*

In sum, plaintiff alleges systematic, discriminatory, and retaliatory abuse and neglect by various Florida Department of Corrections employees.  *Id.* at 1.  Plaintiff seeks a criminal investigation into FDOC and the above FDOC employees for their systematic, discriminatory, and retaliatory abuse and neglect, and further seeks conditional medical release.  *Id.* at 10.

### B.  Procedural History

Plaintiff filed his complaint on 23 March 2020.  *See* Compl.  The government filed its Motion to Dismiss on 22 April 2020 ("Gov.'s Mot."), ECF No. 6.  On 23 July 2020 plaintiff filed his Response to Defendant's Motion to Dismiss ("Pl.'s Resp."), ECF No. 18.  The government filed its Reply in Support of Motion to Dismiss on 3 August 2020 ("Gov.'s Reply"), ECF No. 19.  Plaintiff filed his Final Response to Defendant's Motion to Dismiss on 11 August 2020 ("Pl.'s Sur."), ECF No. 23.  Plaintiff filed a motion to proceed *in forma pauperis* on 14 October 2020 ("Pl. Mtn. IPF."), ECF No. 24.

### III.  Plaintiff's *In Forma Pauperis* Application

As an initial matter, plaintiff requests the Court allow him to proceed *in forma pauperis*.  *See* Pl. Mtn. IPF.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating a plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life,'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.'").

Plaintiff states in his application to proceed *in forma pauperis*:  he is currently unemployed; unsure of when he was last employed; 100 percent disabled and has been since the early 2000s; has no assets; and is severely in debt.  *See* Pl. Mtn. IPF. 1–2.  Under these circumstances, plaintiff has sufficiently demonstrated he is unable to pay the Court's filing fee.  Plaintiff's application to proceed *in forma pauperis* is therefore granted.

## IV. The Government's Motion to Dismiss

The government moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1). *See* Gov.'s Mot. at 1. In its motion, the government argues this Court lacks subject matter jurisdiction over plaintiff's claims because "[t]he Court of Federal Claims is a court of limited jurisdiction, and . . . 'the *only* proper defendant . . . is the United States, not its officers, nor any other individual.'" *Id.* (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in the original)). The government further argues plaintiff's "complaint names only Florida state officials and employees" and thus must be dismissed. *Id.* at 2.

### A. Legal Standard

#### 1. Subject-Matter Jurisdiction

In considering a motion to dismiss for lack of subject-matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) ("In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army and Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

"The jurisdiction of the [Court of Federal Claims] . . . is limited to suits against the United States." *McGrath v. United States*, 85 Fed. Cl. 769, 772 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("the Court of Federal Claims [has] jurisdiction over suits against the United States, not against individual federal officials); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("the *only* proper defendant for any matter before this [C]ourt is the United States, not its officers, nor any other individual."). Further, this Court "lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, *state prisons, or state employees*." *Treviño v. United States*, 557 Fed. Appx. 995, 998 (Fed. Cir. 2014) (emphasis added); *see also Curry v. United States*, 787 Fed. Appx. 720, 722-23 (Fed. Cir. 2019) (citing *Treviño*, 557 Fed. Appx. at 998) (finding the Court of Federal Claims lacks jurisdiction to hear cases against local law enforcement agencies); *Allen v. United States*, 145 Fed. Cl. 390, 396 (2019) ("It is well established that this court lacks jurisdiction over claims against state agencies or individuals."); *Moore v. Pub. Defenders Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names . . . local, county, or state agencies, rather than federal agencies, [the Court of Federal Claims] has no jurisdiction to hear those allegations."); *Kennedy v. United States*, 19 Cl. Ct. 69, 75 (1989) ("[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court.").

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of sovereign immunity by the United States "may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S.

465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  "[T]he Tucker Act plainly excludes tort claims from this Court's jurisdiction." *Fields v. United States*, 141 Fed. Cl. 628, 631 (2019) (citing 28 U.S.C. § 1491(a)(1)).  "The Tucker act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 298 (1976).

### 2. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafter by lawyers.").  Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  If a petitioner acts *pro se* in the drafting her pleadings it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## B. Analysis

### 1. Jurisdiction Over the Defendants Named in the Suit

Plaintiff alleges systematic, discriminatory, and retaliatory abuse and neglect by Florida Department of Corrections employees associated in various ways with the prison in which plaintiff is incarcerated.  Compl. at 1.

This Court's jurisdiction "is limited to suits against the United States." *McGrath*, 85 Fed. Cl. at 772 (2009) (citing *Sherwood*, 312 U.S. at 588 (1941)).  Since the Court's jurisdiction is limited to a single defendant, this Court "lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, *state prisons, or state employees*." *Treviño*, 557 Fed. Appx. at 998 (emphasis added).  This Court must dismiss all claims brought against parties other than the United States for lack of jurisdiction.  *Sherwood*, 312 U.S. at 588.

Plaintiff names only FDOC employees in his complaint and does not allege any claims against the United States.  Compl. at 1.  This Court may only hear claims brought against the United States.  *See Sherwood*, 312 U.S. at 588.  Since plaintiff's claims are against state prison officials and employees, not the United States, the complaint must be dismissed under RCFC 12(b)(1) for lack of subject matter jurisdiction.

### 2. Jurisdiction Under 42 U.S.C. § 233

Plaintiff argues he is entitled to relief under 42 U.S.C. § 233 because "[u]nder § 233, Congress provided expressly that [F]ederal Tort Claims . . . is an inmates 'sole' remedy for injuries caused by Public [H]ealth [S]ervices acting within the scope of their employment." Pl.'s Sur. at 1. Section 233(a) authorizes the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 ("FTCA"), as the exclusive remedy for injuries caused by Public Health Service employees in the scope of their employment. *See Hui v. Castaneda*, 559 U.S. 799, 802 (2010) (quoting 42 U.S.C. § 233(a)) ("Section 233(a) makes the FTCA [the exclusive] . . . remedy against the United States . . . for any personal injury caused by a [Public Health Service] officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'").

"[T]ort cases are outside the jurisdiction of the Court of Federal Claims." *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *see also Montano Elec. Contr. v. United States*, 610 Fed. Appx. 987, 990 (Fed. Cir. 2015) (finding FTCA cases are outside the jurisdiction of the Court of Federal Claims); *Fields v. United States*, 141 Fed. Cl. 628, 631 (2019) (citing 28 U.S.C. § 1491(a)(1)) ("the Tucker Act plainly excludes tort claims from this Court's jurisdiction."); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998) (finding FTCA claims necessarily sound in tort and thus are beyond the Court of Federal Claims jurisdiction); *Flippin v. United States*, 146 Fed. Cl. 179, 184 (2019) ("Because the [Court of Federal Claims] lacks subject-matter jurisdiction over FTCA claims, petitioner's prospective claim is not cognizable in this court."); *Bowling v. United States*, 93 Fed. Cl. 551, 557 (2010) ("The CFC has no subject matter jurisdiction over tort claims and therefore is unable to offer relief . . . under the FTCA."). Since this Court lacks jurisdiction over FTCA claims, the Court has no jurisdiction over § 233 claims.[1] *See Gray v. United States*, 69 Fed. Cl. 95, 100 (2005) (holding the Court of Federal Claims lacks subject-matter jurisdiction over claims brought pursuant to 42 U.S.C. § 233).

Plaintiff's exclusive remedy under § 233 is the FTCA. *See Hui v. Castaneda*, 559 U.S. at 802. This Court cannot hear claims sounding in tort. *See Montano Elec. Contr.*, 610 Fed. Appx. at 990. As plaintiff's exclusive remedy is beyond the jurisdiction of this Court, the complaint must be dismissed under RCFC 12(b)(1) for lack of subject matter jurisdiction.

### V. Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, plaintiff's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. The Court of Federal Claims lacks subject-matter jurisdiction to consider Mr. Easley's claims. The Court hereby: (1) **GRANTS** Mr. Easley's motion to proceed *in forma pauperis*; and (2) **GRANTS** the government's motion to dismiss. The Clerk is directed to **DISMISS** the case.

**IT IS SO ORDERED**

---

[1] As the Court does not have jurisdiction over plaintiff's exclusive remedy under 42 U.S.C. § 233, it need not and does not address whether FDOC may be considered a "health center" or whether FDOC employees may be considered "federal employees" for the purposes of the statute.

- 7 -

                                                <u>s/ Ryan T. Holte</u>  
                                                RYAN T. HOLTE  
                                                Judge